IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

BILLINGS DIVISION

_____

| | |
|---|---|
| IN Re: NORA KANE, | Cause No. CV 12-125-BLG-RFC-CSO |
| Petitioner, | FINDINGS AND RECOMMENDATION OF U.S. MAGISTRATE JUDGE |

_____

On September 14, 2012, the Court received from Petitioner Nora Kane a letter and some documents from the Park County Justice Court. It was not clear what Kane intended to do. To preserve her right to proceed, the Court filed her letter and documents as a petition under 28 U.S.C. § 2241. On September 26, 2012, the Court issued an Order permitting her to file an amended petition by October 24, 2012, supplying a form for her use, and explaining that failure to comply with the Order may result in a recommendation that her action be dismissed. Kane did not respond.

It appears that Kane may be challenging ongoing proceedings in a state court. Because she must first exhaust those challenges in the state courts, *Rose v. Lundy*, 455 U.S. 509, 520 (1982), the most prudent course of action is to dismiss her petition without prejudice. Dismissal is required because the grounds for her claims are

unclear and because it does not appear that they have been adjudicated by the state courts. Dismissal at this stage will not prejudice Kane. *Slack v. McDaniel*, 529 U.S. 473, 485-86 (2000). Reasonable jurists would find no reason to encourage further proceedings. *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack*, 529 U.S. at 484.

Based on the foregoing, the Court enters the following:

## RECOMMENDATION

1. The Petition (doc. 1) should be DISMISSED.

2. The Clerk of Court should be directed to enter by separate document a judgment of dismissal.

3. A certificate of appealability should be DENIED.

## NOTICE OF RIGHT TO OBJECT TO FINDINGS & RECOMMENDATION
## AND CONSEQUENCES OF FAILURE TO OBJECT

Pursuant to 28 U.S.C. § 636(b)(1), Kane may serve and file written objections to this Findings and Recommendation within fourteen (14) days of the date entered as indicated on the Notice of Electronic Filing. If Kane files objections, she must itemize each factual finding to which objection is made and must identify the evidence in the record she relies on to contradict that finding; and she must itemize

each recommendation to which objection is made and must set forth the authority she relies on to contradict that recommendation. Failure to assert a relevant fact or argument in objection to this Findings and Recommendation may preclude Kane from relying on that fact or argument at a later stage of the proceeding. A district judge will make a de novo determination of those portions of the Findings and Recommendation to which objection is made. The district judge may accept, reject, or modify, in whole or in part, the Findings and Recommendation. Failure to timely file written objections may bar a de novo determination by the district judge and/or waive the right to appeal.

<u>Kane must immediately notify the Court of any change in her mailing address by filing a "Notice of Change of Address."</u> Failure to do so may result in dismissal of this case without notice to her.

DATED this 19th day of November, 2012.

/s/ Carolyn S. Ostby
United States Magistrate Judge